UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SAMUEL CULOTTA #199539 | CIVIL ACTION NO. 21-cv-567 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CINDY HOLLEY ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Samuel Culotta ("Plaintiff") is a self-represented pretrial detainee who filed this civil action against authorities at the Bossier Maximum Security Center based on allegations that he was denied adequate medical care. Plaintiff has filed two amended complaints (Docs. 7 & 11) and has submitted several other filings.

Two groups of defendants filed separate Motions to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(4-5) (Docs. 28 & 30) on the grounds that service was not made within the 90-day period allowed by Fed. R. Civ. Pro. 4(m) and that Plaintiff has failed to prosecute his case. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).

Dismissal is not warranted because any delay in service and otherwise in these proceedings is the result of the court taking the time to carefully screen the case, as it does with all prisoner cases. See 28 U.S.C. §§ 1915(d)(2) and 1915A. This case is still under review, after which the court will decide whether to (1) dismiss it without serving any defendant or (2) direct Plaintiff to submit papers to be served on one or more defendants. Plaintiffs whose cases are assigned to Section P are not allowed to make service; they must wait for the court to order the marshal to make service. Due to the volume of prisoner complaints, the screening process often takes more than 90 days.

Defendants fault Plaintiff for not making a request for service, but any such request by Plaintiff would have been denied until the court's review process is completed. Good cause for extending the time to make service is present, and a plaintiff may not be penalized when a service delay is attributable to the court or marshal. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir.1996); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Verrette v. Majors, 2008 WL 4793197, *2 (W.D. La. 2008).

The record shows that Plaintiff has actively pursued this litigation. All delay is attributable to the court's internal review and screening process. After consideration of the relevant circumstances, the undersigned finds that there is good cause to excuse the delay in making service. Defendants' **Motions to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(4-5) (Docs. 28 & 30)** are denied. The court will never grant such a motion to dismiss filed in these circumstances. Defendants need not respond to this civil action, or any prisoner complaint, until such time as the screening process is completed and they have been served based on a court order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge