UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SAMUEL CULOTTA #199539                      CIVIL ACTION NO. 21-cv-0567

VERSUS                                       JUDGE ELIZABETH E. FOOTE

CINDY HOLLEY, ET AL                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Samuel Culotta ("Plaintiff"), who is self-represented, is an inmate now housed at the Morehouse Parish Detention Center. He complains that his civil rights were violated when he was housed in a Bossier Parish jail in 2020. The named defendants include the Bossier Parish Police Jury, Bossier Parish Sheriff Julian Whittington, two deputies, a nurse, and Dr. Vincent Lococo. Before the court is Dr. Lococo's motion to dismiss on the grounds that the complaint fails to state a claim against him on which relief may be granted. For the reasons that follow, it is recommended that the motion be granted.

### Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion based on a defense of "failure to state a claim on which relief may be granted." To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct.

at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Relevant Facts**

Plaintiff alleged in his original complaint that, while he was a pretrial detainee in Bossier Parish, Dr. Vincent Lococo and the other defendants failed to protect him from being infected with Covid-19. He alleged that Dr. Lococo and nurse Cindy Holley refused to test him because his body temperature did not exceed 101 degrees and, after December 7, 2020, Dr. Lococo refused to see Plaintiff.

The court issued an order (Doc. 4) that directed Plaintiff to file an amended complaint and describe exactly what each defendant did to violate his rights. With regard to the claims of lack of medical care, Plaintiff was directed to identify a responsible defendant and explain the details of how that defendant was deliberately indifferent to a substantial risk of serious medical harm.

Plaintiff first filed a three-page amended complaint (Doc. 7) that repeated some of his original allegations and alleged that a nurse told him that Dr. Lococo "has order them to not put me on the doctor list to be seen." Plaintiff then filed a 22-page amended complaint that, from top to bottom, completely restated his claims. That amended complaint made no reference to the prior complaints.

"[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier

pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth

Circuit has applied the rule to pro se complaints. McDonald v. McClelland, 779 Fed.

Appx. 222, 225 (5th Cir. 2019); Eubanks v. Parker County Commissioners Corp., 1995

WL 10513, *2 (5th Cir. 1995); King v. Dogan, 31 F.3d 344 (5th Cir. 1994); Moore v.

Melvin, 1994 WL 708686, n.8 (5th Cir. 1994). This court has also applied the rule in a pro

se prisoner case. Miller v. Bayou Dorcheat Corr. Ctr., 2017 WL 4414159, *2 (W.D. La.

2017) (Hornsby, M.J.), report and recommendation adopted, 2017 WL 4414154 (W.D. La.

2017) (Walter, J.).

Plaintiff's second amended complaint (Doc. 11) completely restated his claims and,

therefore, provides the relevant facts for assessment of the motion to dismiss. Plaintiff

alleged in that pleading that, in November 2020, he heard that someone in the jail had

Covid-19. He made requests on November 30, December 2, and December 5 to be tested

for Covid-19, but nurses told him that he did not have Covid-19 (or would not be tested;

the allegations are unclear) because his temperature did not exceed 101 degrees. Plaintiff

asked if there was any other way he could be checked, and he was told no because his

temperature was not high enough. Plaintiff alleged that he told the nurses that he had

Covid-19 and was sick, and they knew that he had a history of COPD and emphysema.

Plaintiff asserted that the nurses should have placed him "on the doctor list," done more

tests on him, and removed him from the F pod where Covid-19 was present.

Plaintiff alleged that the sheriff, police jury, and an unspecified "health services

administrator" should have been informed that Covid-19 was in the jail. Plaintiff stated

that officials "fabricated that Covid-19 was not in the jail" and said there was no risk

because inmates had to wear masks and go by CDC rules.  About three weeks after Plaintiff demanded he be tested, December 26, 2020, a deputy came to F pod and informed the inmates that they all had to take a Covid-19 test for which Plaintiff had been begging. Plaintiff alleged that he "could not get the test because it hurt going up his nose."  He refused the test, so he was sent to lockdown for 15 days.

Plaintiff stated in his amended complaint that he got in a fight in March 2021 and was sent to segregated confinement.  He noticed that "people off the street" were coming straight to that area for quarantine, which returned Plaintiff to a "covid 19 setting."  He expressed concern that he could have been exposed during his 23 days in segregation.  He also complained that he had not been sent to an "outside lung doctor to see what is wrong with him."

Page nine of the amended complaint lists the parties.  The fourth listed person is Dr. Vincent Lococo, described as the "head doctor over the Bossier Parish jails."  Plaintiff then continued his allegations that the nurses did not address his complaints about breathing problems, provide him vitamin C, refer him for outside care, or grant his request for a blanket.  Plaintiff did not mention Dr. Lococo as having anything to do with those issues.

The next portion of the amended complaint returns to the allegations that the nurses merely checked Plaintiff's temperature in response to his many sick call requests to be tested for Covid-19.  He contends that the police jury did not yet have federal funds to pay for tests and did not want to pay out of pocket.  Near the end of the amended complaint, under a heading for Claims for Relief, Plaintiff alleged that Dr. Lococo and other defendants showed "that they did not care about inmate health or safety by persistent failure

to respond to the obvious complaint and symptoms of the first case or cases, the failure to

advise inmates of their exposure to Covid 19." Plaintiff went on to fault the defendants for

not developing a policy or protocol for the situation and for their failure to test all inmates.

Plaintiff ended his amended complaint, under a heading of Relief Requested, by asking for

specific forms of relief against specific defendants. For example, he asked that Nurse

Holley be ordered to screen every new inmate for their temperature and recent illness, then

put them in E pod for two weeks before entering the general population. He asked for an

award of $100,000 against Lt. Jason Porter for not moving Plaintiff to a pod where there

was no Covid-19. Plaintiff did not make any specific requests for relief against Dr. Lococo.

**Analysis**

Plaintiff alleges that he was a pretrial detainee during the relevant time. To succeed

on a claim of failure to provide medical care, a detainee must establish that law enforcement

responded to the detainee's serious medical needs with deliberate indifference. Williams

v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022). To prove deliberate indifference, the

detainee must show that a defendant "knew that he faced a substantial risk of serious harm

and failed to take reasonable measures to abate that risk." Id. The knowledge inquiry is

subjective, and the reasonableness question is objective. Id. "Deliberate indifference is an

extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d

752, 756 (5th Cir. 2001).

Plaintiff's amended complaint lists Dr. Lococo as a defendant and describes him as

the "head doctor" over the jails. The amended complaint never mentions Lococo again

other than in a general allegation that he and the other defendants did not care about inmate

health and failed to properly respond to their complaints and symptoms.  Plaintiff does not

offer any specific allegations of fact about personal interactions with Dr. Lococo or

treatment that Lococo did or did not provide.  And, although Plaintiff asked for specific

relief against several of the other defendants, he did not pray for any relief against Dr.

Lococo.

When assessing a motion to dismiss, the court must accept the facts pleaded by the

plaintiff as true, but the court does not accept as true "conclusory allegations, unwarranted

factual inferences, or legal conclusions." BRFHH Shreveport, LLC v. Willis-Knighton

Med. Ctr., __Fed. 4th __, 2022 WL 4298764 (5th Cir. 2022), quoting  In re Great Lakes

Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010).  Plaintiff offers no more than

broad, conclusory assertions against Dr. Lococo.

That Dr. Lococo may have some managerial or supervisory role over the medical

staff is not sufficient to make him liable for the alleged shortcomings of the nurses or other

staff members.  "Under section 1983, supervisory officials are not liable for the actions of

subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303

(5th Cir. 1987).  A prisoner must show that a supervisor was personally involved in the

acts that deprived the prisoner of his constitutional rights.  Thompson v. Upshire County,

245 F.3d 447, 459 (5th Cir. 2001).  Plaintiff has not alleged specific facts that would allow

a finding of liability against Dr. Lococo under the deliberate indifference to a serious

medical need standard.

Accordingly,

It is recommended that Dr. Vincent Lococo's Motion to Dismiss (Doc. 52) be granted and that all claims against Dr. Lococo be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of September, 2022.



Mark L. Hornsby
U.S. Magistrate Judge